CASE 85—PETITION ORDINARY—JUNE 24.

# Courts v. Louisville & Nashville Railroad Company.

APPEAL FROM MARION CIRCUIT COURT.

1. CARRIERS—PASSENGER—EXCESSIVE CHARGE—MEASURE OF DAMAGES.—Where one applies to a railroad ticket agent for a ticket to a certain station, and the agent believing that the train about to go did not stop at that station, refused to sell it to him,and he boards the train, and the conductor in accordance with the rules of the company charges him extra fare because he had no ticket, there being nothing in the pleadings or evidence to show that either the agent or conductor acted in other than good faith and according to orders, or that the latter was insulting or abusive, the measure of damages was the difference between the regular fare and what the conductor collected; and an instruction as to punitive damages was properly refused.

W. E. RUSSELL & SONS FOR APPELLANT.

1. When the act complained of is accompanied by circumstances of aggravation, punitive damages may be recovered. In this case the conductor knew that the agent had refused to sell the appel-

Courts v. Louisville & Nashville Railroad Co.

lant a ticket, and yet wilfully, wrongfully and deliberately charged appellant the extra fare, because he had no ticket. (5 Bush, 213; 2 Met., 147.)

W. J. LISLE FOR APPELLEE.

1. The appellant suffered no loss of time or inconvenience; the ticket agent and conductor were both plainly discharging their duties (the agent only being mistaken as to the effect of an order), according to their orders without intention of doing wrong; under these circumstances no punitive damages should be allowed. (L. & N. R. Co. v. Storms, 15 Ky. Law Rep., 333.)

THOMPSON & McCHORD AND H. W. BRUCE OF COUNSEL ON SAME SIDE.

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

This was an action to recover from the appellee damages for compelling appellant to pay more than regular fare from Lebanon to Chicago Station on the Knoxville Branch of the appellee's railroad.

Appellant boarded passenger train No. 26 that passed Lebanon regularly about 5 o'clock in the morning on the 11th day of September, 1893, for the purpose of going to Chicago Station, where he was engaged as a hand at a brickyard, without having a ticket for the passage. The regular ticket fare between the two points was 36 cents. He applied to the ticket agent at Lebanon for a ticket, but the agent refused to sell it to him because Chicago was not a regular stop station for that train. Not having a ticket the conductor, under the rules of the company, required him to pay 47 cents for his passage, which was 11 cents more than the regular ticket rate, the distance being 12 miles. He objected to paying the extra charge, urging as a reason that he had applied to the ticket agent at Lebanon for a

Courts v. Louisville & Nashville Railroad Co.

ticket and he refused to sell it to him. His objection was of no avail and he had to pay the train rate.

It appears from the evidence that some time before this occurrence orders had been given by the proper officials to take up passengers on train No. 26, at Chicago until further orders. But it also clearly appears that both the ticket agent and the conductor were acting in good faith, and within what they believed to be the orders of their superiors, and according to the rules of the company, the one in refusing to sell a ticket to the appellant for that train and the other in requiring him to pay the extra or train fare.

It further appears from the evidence that after the train stopped at Lebanon on that morning the conductor discovered the appellant and another attempting to board the train by getting on at the front platform of the baggage car, and that he required them to enter a passenger car instead, and that the incident excited a suspicion that they were endeavoring to avoid paying fare, and that when he collected fare from the appellant he reminded him of this, and expressed his suspicion that he had tried to avoid paying fare. This being substantially the state of facts brought out in the evidence, the court instructed the jury that if the order was given to stop train No. 26 at Chicago Station, which was not a regular stop station for that train, and the ticket agent refused to sell a ticket to the appellant to that point for that trip, and he was required to pay, and did pay the conductor on the train more than the regular rate for a ticket from Lebanon to Chicago Station, the appellant was entitled to the difference between the amount paid and the regular ticket rate, and that they should so find. At the same time the court refused to give an instruction requested by counsel for the appellant that the

jury were not confined in estimating the damages, if any, to the difference between the regular ticket fare and the train rate, but that they might, in addition thereto, give punitive damages. The jury having found a verdict for the appellant for 11 cents, the difference between the two rates of fare, for which a judgment was rendered, and the court having refused to grant a new trial, the case is brought before us on appeal.

The only error for which a reversal is sought is the refusal of the court to give the instruction allowing punitive damages to be assessed. But after a careful examination of the case we have not been able to discover any fact brought out that would have justified an instruction of the kind. In the first place, it is not clear that the allegations of the petition were sufficient to authorize anything more than actual or compensatory damages. The substance of the case as stated in the petition is that the appellant applied to the ticket agent for a ticket to Chicago Station; that the agent refused to sell him the ticket, the regular fare being only 36 cents; that he boarded the train without a ticket, and was compelled and required by the conductor to pay 47 cents, which he paid under protest, and went on, as his business required him to go on that train; that extortion was thus perpetrated, whereby he was harassed, vexed and humiliated.

Under the law the relief sought and adjudged must be based on the facts stated in the pleadings of the party seeking the relief. But here there is no allegation of fact showing that the conductor ought not to have required the payment of the 47 cents that was paid, or showing that he acted arbitrarily or in an insulting or abusive manner, or in such a way as to harass or humiliate the appellant, upon which

to base a recovery of any more than actual damages. But aside from this the evidence fails to show any fact that would have warranted the court in submitting any question besides that of compensation to the appellant for what seems to have been an honest mistake on the part of the ticket agent and conductor, whereby the appellant was required to pay more than the regular ticket fare for that trip. And the jury having allowed the difference between the regular ticket fare and the train fare which he was required to pay, which carried the costs with it, the appellant has recovered all that the facts alleged or proved show he was entitled to, and finding no error the judgment is affirmed.